**SCHENLEY INDUSTRIES, INC.,**
**Plaintiff,**

v.

**Henry H. FOWLER et al., Defendants.**

**Civ. A. No. 3306–66.**

United States District Court
District of Columbia.

Sept. 19, 1967.

Frank H. Strickler, Washington, D. C., Milton B. Seasonwein, New York City, and Robert F. Sagle, Washington, D. C., for plaintiff.

John J. Gobel, Dept. of Justice, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

This is an action against the Secretary of the Treasury and other officials of the Treasury Department for a declaratory judgment. The plaintiff is engaged in the production of alcoholic beverages. The provisions of law governing the collection of the Internal Revenue tax on distilled spirits provide, in part, that the Secretary or his delegate shall by regulation prescribe the period or event for which such return shall be filed, the time for filing such return, the information to be shown in such return, and *the time for payment of such tax*, 26 U.S.C. § 5061 (a). The plaintiff submitted a request to the Secretary that a regulation be promulgated, fixing the time for payment of the tax at at least one year following the period in which the outstanding tax liability arose. Representatives of the Secretary replied in effect that there was no authority to grant such a request. This action seeks a declaratory judgment to the effect among other things that the defendants have statutory authority to promulgate such a regulation as is requested by the plaintiff. This action is before the Court at this time on the defendants' motion to dismiss the complaint for failure to set forth a valid claim for relief and for lack of jurisdiction. Counsel for the defendants argued that the case presents no justiciable controversy, that no action lies to review the discretion of the Secretary, and that this is a suit against the Government to which the Government has not consented.

■ The Court is of the opinion that this action is clearly not a suit against the Government. This is a suit to require a Government officer to exercise discretion that the latter claims he does not have. The plaintiff claims that the construction of the statute adopted by the Government officer is erroneous and that a correct construction of the statute is that the Government officer does have the discretion to grant or deny the petition that the plaintiff has presented. The plaintiff seeks to have the Court require the defendant officers to exercise this discretion.

■ It is well settled that the Court may not review the discretion of a Government officer in promulgating a regulation that does not exceed the grant of authority contained in the pertinent statute. When, however, a Government officer erroneously reaches the conclusion that he has no authority to exercise the discretion that the plaintiff asks him to exert, there is a justiciable controversy; the plaintiff has standing to sue, and a cause of action is stated.

■ The correspondence of the responsible Treasury official in this instance is, to be sure, in part obscure and in part ambiguous. The Court construes it, however, as taking the position in behalf of the Treasury Department that the Secretary does not have the discretionary power under the statute to promulgate a regulation fixing the time for paying the tax involved in this action in accordance with the plaintiff's request. This construction of the statute is obviously erroneous. 26 U.S.C. § 5061(a) authorizes the Secretary or his delegate, by regulation, to prescribe the period for which the tax return shall be filed, the time for filing such return, the information to be shown in such return, and "the time for payment of such tax". There is no limitation on the discretion to fix the time for the payment of the tax.

Consequently, the Secretary's refusal to exercise his discretion in fixing the time requested by the plaintiff is erroneous and based on an erroneous construction of the statute. He does have the authority. He, of course, in the exercise of discretion may deny the plaintiff's application on the merits, but he has to

**358**

pass upon it and may not deny it on the theory that he is without power to consider it or grant it.

A remedy by mandamus lies, the mandamus that could be granted being of a very limited character, namely, to require the officer in question to exercise his discretion on the basis of the construction of the statute to the effect that he has the authority to grant or deny the application.

In view of these considerations, the defendants' motion to dismiss is denied.